IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRADLEY MOREHOUSE and VIENNA MOREHOUSE, individuals, and husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 22-cv-00011 DKW-WRP<br><br>**ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS AND (2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS AS PREMATURE** |

This matter comes before the Court with the January 6, 2023 Findings and Recommendation (F&R) of the assigned U.S. Magistrate Judge. Dkt. No. 82. Therein, the Magistrate Judge recommends denying as premature Defendants Mitch Green and AT ML Leasehold HI, LLC's (AT ML) motion for attorneys' fees and costs. Dkt. No. 81. AT ML and Green object to the F&R, contending their motion is not premature because all claims against them have been dismissed with prejudice. Dkt. No. 89 at 2. Upon review of the record, the Court finds no abuse, or otherwise improper exercise, of the Magistrate Judge's discretion in deferring attorneys' fees motions in this case until final judgment is entered. The Court, therefore, ADOPTS the F&R.

1

# RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2022, following a commercial landlord-tenant dispute that resulted in police involvement, the Morehouses filed a complaint in this Court against several Defendants, including the County of Hawai'i; police officer Paul Nagata, individually and in his official capacity; police officer Chun-Ming T. Ma, individually and in his official capacity; Green, individually and in his capacity as manager of The Shops at Mauna Lani; and AT ML, owner and operator of The Shops at Mauna Lani. The operative complaint[1] asserts the following eight counts:

- I: 42 U.S.C. § 1983 Violation of the Fourth Amendment;
- II: 42 USC § 1983 Municipal Liability;
- III: Assault and Battery;
- IV: False Arrest;
- V: False Imprisonment;
- VI: Negligent Training and Supervision;
- VII: Negligence; and
- VIII: Breach of Commercial Shopping Center Lease.

*See generally* Dkt. No. 39, First Amended Complaint ("FAC").

On September 28, 2022, AT ML and Green moved to dismiss the FAC, asserting that two of these eight counts—Counts VII and VIII—failed to state a claim against them. Dkt. No. 50. The Morehouses did not oppose the motion to dismiss, and the Court therefore directed the parties to submit a stipulation to

---

[1] On February 23, 2022, AT ML and Green filed a motion to dismiss, Dkt. No. 9, and, subsequently, the Morehouses filed a First Amended Complaint ("FAC"), Dkt. No. 39. The FAC is the operative complaint at this time.

dismiss Counts VII and VIII of the FAC by November 18, 2022.  *See* Dkt. No. 65.[2] The parties did so on November 16, 2022.  Dkt. No. 69.[3]  On December 23, 2022, AT ML and Green answered the remaining counts in the FAC.  Dkt. No. 78.

On December 30, 2022, AT ML and Green moved for an award of attorneys' fees incurred in connection with their having obtained dismissal of Counts VII and VIII.[4]  Dkt. No. 81.  Fed. R. Civ. P. 54(d)(2)(B) provides that a motion for attorneys' fees must be filed no later than fourteen days after the entry of judgment.  Local Rule 54.2 provides that a motion for fees must be filed within forty-nine days after the entry of judgment.

On January 6, 2023, the assigned Magistrate Judge recommended that the request for fees and costs be denied without prejudice as premature:

> [A]lthough Plaintiffs' claims for negligence and breach of commercial contract have been dismissed, Plaintiffs' claims for violations of 42 U.S.C. § 1983, assault and battery, false arrest, false imprisonment, and negligent training and supervision remain pending.  No final judgment has been entered.

F&R at 3.[5]

---

[2] On November 11, 2022, the Morehouses filed an untimely opposition to AT ML and Green's motion to dismiss.  Dkt. No. 66.  The Court ordered this filing stricken.  Dkt. No. 67.

[3] On November 14, 2022, the Morehouses moved for leave to file a Second Amended Complaint.  Dkt. No. 68.  The assigned Magistrate Judge denied that motion.  Dkt. No. 71.

[4] AT ML and Green contended they were entitled to attorneys' fees and costs under HRS § 607-14 because they had prevailed on claims sounding in assumpsit.  Dkt. No. 81 at 3–4.

[5] On January 6, 2023, after the F&R had already been issued, the Morehouses filed a response to the fees motion, which does not appear to have been considered in the F&R.  Dkt. No. 83.

On January 20, 2023, AT ML and Green timely objected to the F&R, contending that, although the FAC contains "claims asserted against other parties in this case [that] have yet to be resolved," there is no claim remaining against AT ML and the only remaining claim against Green is Count III. Dkt. No. 78 at 5 n.1; Dkt. No. 89 at 2. The Morehouses did not respond to the objection, *see* Local Rule 74.1(b), and this Order now follows.

## DISCUSSION

The Court affirms the Magistrate Judge's ruling and overrules the objections. As AT ML and Green assert in their objections, Counts VII and VIII are not the only claims applicable to them. Though it is true that the facts supporting the remaining claims seem to be principally targeting other defendants, the parties' stipulation as to Counts VII and VIII did not dispose of this case, and does not constitute a final judgment, even as to AT ML and Green. *See* Fed. R. Civ. P. 54(d)(2)(B); LR 54.2. In fact, AT ML and Green answered the FAC *after* Counts VII and VIII were dismissed, Dkt. No. 78, demonstrating that claims remain. As the Magistrate Judge stated, "[C]onsistent with the Federal Rules and to avoid piecemeal fee determinations, the Court finds that the Motion is premature and recommends that the district court reserve ruling on any such application for

fees until the remainder of this action is resolved." Dkt. No. 82 at 3–4.[6]  Even though, as AT ML and Green point out, *see* Dkt. No. 89 at 3–4, district courts have discretion to award fees early, that is not appropriate here, where various counts have yet to be litigated, and Defendants have cited no particular urgency, such as financial distress.

## CONCLUSION

For the reasons discussed herein, the Court ADOPTS the F&R, Dkt. No. 82, and OVERRULES Defendants' objections, Dkt. No. 89.  The motion for attorneys' fees is DENIED WITHOUT PREJUDICE with leave to renew the motion after final judgment has been entered in this action.

IT IS SO ORDERED.

DATED: February 7, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Bradley Morehouse et al v. County of Hawaii, et al*; Civil No. 22-00011 DKW-WRP; **ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS AND (2) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS AS PREMATURE**

---

[6]Defendants also contend that the Court should grant this motion early because Counts VII and VIII were the only claims in the FAC that "involv[e] any potential fee award."  Dkt. No. 89 at 2.  However, Defendants have not analyzed each remaining count nor provided any legal authority demonstrating that this contention is true.  *See id.*  Therefore, even if the Court were so inclined, it would not sustain the objections on this basis.